UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY JOHNSON, | No. 2:20-cv-1443 KJM AC P |
| Petitioner, | |
| v. | FINDINGS & RECOMMENDATIONS |
| DANIEL E. CUEVA, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has filed a motion to dismiss the petition as unexhausted, ECF No. 12, which petitioner opposes, ECF No. 23.

I. Factual and Procedural Background

On February 1, 2018, petitioner was convicted of nineteen counts of lewd acts on a minor and one count of furnishing marijuana to a minor and sentenced to a determinate sentence of fifty-five years and eight months. Lod. Doc. 1 (ECF No. 13-1).

A. Direct Review

Petitioner, with the assistance of counsel, appealed his conviction and then sought review of the appellate court's judgement in the California Supreme Court. Lod. Doc. 3 (ECF No. 13-3). The petition raised a single issue: that petitioner's convictions on Counts 8 and 9 should be reversed because the verdicts were "uncertain, ambiguous, and unintelligible" as to whether he

1

was guilty of the greater or lesser offenses for those charges. Id. The California Supreme Court issued its order on the petition for review on August 28, 2019.[1] Lod. Doc. 4 (ECF No. 13-4).

### B. State Collateral Review

Petitioner did not file any state petitions for collateral review.

### C. Federal Petition

This action was initiated on July 12, 2020,[2] when petitioner filed a motion for an extension of time to file a habeas petition. ECF No. 1. The petition was ultimately filed on September 27, 2020; it alleges two grounds for relief. ECF No. 7. In Ground One, petitioner asserts that he was denied effective assistance of counsel when counsel failed to obtain an expert witness. Id. at 4. Ground Two alleges that petitioner's due process rights were violated with respect to the charges relating to Victim 2 because the charges were not brought until seven years after the offense, making him unable to obtain supportive witnesses. Id.

## II. Motion to Dismiss

Respondent has filed a motion to dismiss the petition as wholly unexhausted. ECF No. 12. Petitioner opposes the motion but does not deny that he did not exhaust his claims in state court. ECF No. 23. Instead, he argues that he did not know that he could tell his appellate attorney that he wanted to raise these issues in state court and that his attorney refused to discuss his case over the phone the one time they spoke. Id.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus unless "there is an absence of available State corrective process" or

---

[1] Rather than submitting a copy of the California Supreme Court's order, respondent filed a copy of that court's docket sheet for petitioner's direct appeal. Lod. Doc. 4. A docket sheet may be competent evidence of the date that an order was filed, but it is not an order and does not conclusively establish the contents of the orders it references. The undersigned does not consider a docket sheet to be an appropriate basis for review of a state court adjudication under § 2254. In this instance, the substance of the California Supreme Court's order is immaterial. However, in the future, counsel for respondent should provide copies of California Supreme Court orders, rather than docket sheets, when submitting the state court record in habeas cases.

[2] Since petitioner is a prisoner proceeding pro se, he is afforded the benefit of the prison mailbox rule. Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing rule that a prisoner's court document is deemed filed on the date the prisoner delivered the document to prison officials for mailing).

circumstances make the process ineffective to protect a petitioner's rights.  28 U.S.C. § 2254(b)(1).  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 275-76 (1971).  A habeas petitioner bears the burden of proving he has exhausted his state court remedies, Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam) (citation omitted), and petitioner has not met his burden.

Although petitioner filed a petition for review in the California Supreme Court, it did not address either of the grounds for relief set forth in the federal petition.  Petitioner did not file a state habeas petition.  Additionally, petitioner's assertions that he did not know that he could tell his attorney he wanted to bring those claims, and that his attorney would not discuss his case with him do not demonstrate that the State corrective process was unavailable or that the process was ineffective.  Because the claims in the federal petition were not presented to the California Supreme Court they are not exhausted, and the petition must be dismissed.

III.     Plain Language Summary of this Order for a Pro Se Litigant

It is being recommended that the motion to dismiss be granted because you did not bring your claims in the state supreme court before filing the petition in this case.  A federal court may not consider claims that the state court has not previously considered.

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within **fourteen days** after service of the objections.  **Due to**

1 **exigencies in the court's calendar, no extensions of time will be granted.**[3]  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

If petitioner files objections, he may also address whether a certificate of appealability should issue and, if so, why and as to which issues.  Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

DATED: August 31, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[3] Petitioner is informed that in order to obtain the district judge's independent review and preserve issues for appeal, he need only identify the findings and recommendations to which he objects.  There is no need to reproduce his arguments on the issues.